UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK S. WILKERSON, | ) | CASE NO. 5:05 CV 2146 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PAMELA JO HARDESTY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 9, 2005, plaintiff pro se Mark S. Wilkerson filed this action under 42 U.S.C. § 1983 against Pamela Jo Hardesty, attorney George R. Wertz, and the Summit County, Ohio Probate Court. In the complaint, plaintiff alleges that he was removed as the fiduciary of the Estate of Leonodus Wilkerson in violation of the Fourteenth Amendment. He seeks an award of monetary damages and injunctive relief.

*Background*

Mr. Wilkerson alleges he was appointed as the executor of the Estate of Leonodus Wilkerson, pursuant to the decedent's Last Will and Testament. Beneficiary Pamela Jo Hardesty filed complaints against him in the probate court and sought to have him removed as the fiduciary. He contends that the information used in her complaints was "false and discriminative." (Compl. at 2.) He claims Ms. Hardesty retained attorney Rebecca Heimbaugh, who had served as a

Case: 5:05-cv-02146-JG  Doc #: 7  Filed: 10/25/05  2 of 7.  PageID #: 47

magistrate for the Summit County Domestic Relations Court. He alleges her position unduly influenced the probate court. The court removed Mr. Wilkerson as the executor and appointed attorney George Wertz to conclude the administration of the complaint. Mr. Wilkerson claims Mr. Wertz has made several costly decisions. He asks that this court enjoin the proceedings in the Summit County Probate Court, remove Mr. Wertz as the fiduciary and reinstate him as the executor of the Estate. He also requests an award of compensatory and punitive damages.

*Analysis*

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criterion.

*Rooker-Feldman*

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction

2

cannot be invoked merely by couching the claims in terms of a civil rights violation. <u>Lavrack v. City of Oak Park</u>, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); <u>see</u>, <u>Valenti v. Mitchell</u>, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. <u>Catz v. Chalker</u>, 142 F.3d 279, 293 (6th Cir. 1998); <u>see</u> <u>Tropf v. Fidelity National Title Insurance Co.</u>, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." <u>Catz</u>, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. <u>Id.</u>; <u>Tropf</u>, 289 F.3d at 937.

In the present action, Mr. Wilkerson directly attacks the state court's decision to remove him as the estate fiduciary. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to his case, and are clearly predicated on his belief that the state court was mistaken in rendering its decision against him. Moreover, plaintiff requests as relief that the state judgment be declared unconstitutional and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. <u>Feldman</u>, 460 U.S. at 483-84 n. 16; <u>Catz</u>, 142 F.3d at 293.

*Younger Doctrine*

Furthermore, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court probate matter, and are of paramount state interest. See Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004). Furthermore, Mr. Copeland has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this court is required to abstain from intervening in the Summit County Probate Court's proceedings.

*Failure to State a Claim*

Generally, the Younger doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. See Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998); see also Myers v. Franklin County Court of Common Pleas, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001). However, as plaintiff has failed to state a viable claim for damages against any of the defendants, this case must be dismissed. See Wheat v. Jessamine Journal Newspaper, No. 95-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996)(stating that is was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief). This case falls squarely within the probate exception to federal jurisdiction. See Lepard, 384 F.3d at 237. Federal courts lack jurisdiction to probate a will, administer an estate or trust, or address questions within the province of the probate court. Id

In addition, these defendants could not be held liable for damages in a civil rights action. Mr. Wilkerson claims his removal as the estate fiduciary denied him substantive due process under the Fourteenth Amendment. Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally, to be considered a "state actor" the defendant must be a state or local government entity or official. Ms. Hardesty and Mr. Wertz are private citizens. A private party

5

may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that his or her actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Merely being a participant in litigation, however, does not make a private party a co-conspirator or joint actor with the state.  Dennis v. Sparks, 449 U.S. 24, 28 (1980).  Similarly, a privately retained or court appointed attorney is not considered a state actor under 42 U.S.C. § 1983.  Washington v. Brewer, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); see also, Polk County v. Dodson, 454 U.S. 312, 321 (1981).  The only allegations against these defendants concern their participation in the probate estate matter.  The fact that they were able to obtain decisions on their filings which were unfavorable to Mr. Wilkerson, does not make them state actors.  Even if this court had jurisdiction to entertain this case, Mr. Wilkerson's claims against Ms. Hardesty and Mr. Wertz could not proceed.

His claim against the Summit County Court would also be dismissed.  The court is clearly named as a defendant because it employs the particular judge who issued the ruling removing him as the Estate's Executor.  As a rule, local government bodies may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance,

regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Summit County Probate Court which may have resulted in the deprivation of a federally protected right of the plaintiff.

Furthermore, the claim against the probate court is based solely on the actions of the judicial officer who presided over the case. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). There are no facts alleged which reasonably suggest that the probate court judge acted outside the scope of his or her official duties.

### *Conclusion*

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: October 25, 2005               s/    *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.